```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CHARLES M. LESHORE, JR., | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 16-2300 (JBS-AMD) |
| ATLANTIC CITY POLICE<br>DEPARTMENT, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Charles M. Leshore, Jr., Plaintiff Pro Se
#01-239193
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, New Jersey 08330

**SIMANDLE, Chief District Judge:**

**I.   INTRODUCTION**

Plaintiff Charles M. Leshore, Jr., seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the Atlantic City Police Department ("ACPD") and Officer Andrew Jaques. Complaint, Docket Entry 1. Based on Plaintiff's affidavit of indigency and *in forma pauperis* application, Docket Entry 3, his request to proceed *in forma pauperis* is granted.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the claim against Officer Jaques shall proceed.

**II.  BACKGROUND**

According to the complaint, Plaintiff was arrested on September 29, 2015 by ACPD Officer Jaques. Complaint at 3. He alleges that Officer Jaques punched him numerous times in the face and choked him into unconsciousness while he was fully restrained. *Id.* When Plaintiff awoke, he was on the ground and another officer had a knee on his back and his firearm pointed at Plaintiff's head. *Id.* A sergeant threatened Plaintiff that he would "die that night or go down to a NJ State prison." *Id.*

**III. STANDARD OF REVIEW**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is proceeding

*in forma pauperis* and is seeking relief from a government employee.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

**IV. DISCUSSION**

Plaintiff alleges that Officer Jaques used unreasonable force during the arrest in violation of the Fourth Amendment. Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, he has sufficiently alleged a constitutional violation. His claim against Officer Jaques shall therefore be permitted to proceed.

3

His claims against the ACPD must be dismissed, however, as it is not a "person" subject to liability under § 1983. "Although local governmental units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part. And the allegations in the complaint do not reach the municipality, in any instance, because the alleged injury was inflicted solely by its employees." *Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 n.2 (3d Cir. 2014) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)). The claims against the ACPD shall be dismissed without prejudice.

## V. CONCLUSION

For the reasons stated above, the Fourth Amendment claim against Officer Jaques shall be permitted to proceed at this time.

An appropriate order follows.

 **October 17, 2016**                               **s/ Jerome B. Simandle**
Date                                                JEROME B. SIMANDLE
                                                    Chief U.S. District Judge